IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRANDON EDWARDS, | ) | CIVIL NO. 12-00075 SOM/KSC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED |
| vs. | ) | WITHOUT PREPAYMENT OF FEES |
| | ) | AND DISMISSING COMPLAINT WITH |
| STATE OF HAWAII, | ) | LEAVE TO AMEND |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES AND DISMISSING COMPLAINT WITH LEAVE TO AMEND

I. INTRODUCTION.

On February 6, 2012, Plaintiff Brandon Edwards filed the present Complaint against the State of Hawaii. Concurrent with the filing of the Complaint, Edwards filed an application to proceed without prepaying fees. Because the Complaint fails to allege a cognizable federal claim, the Complaint is dismissed and Edwards's application to proceed without prepaying fees is moot.

II. BACKGROUND.

Edwards alleges that on February 3, 2012, police took him, against his will, to Queen's Medical Center ("Queens") for evaluation. While he was at Queens, his mother was allegedly contacted. It is unclear whether the police or the hospital staff contacted his mother. Similarly unclear is what was disclosed to his mother. Edwards thereafter spent two nights at

Kekela,[1] where, he alleges, he was ordered to take pills and sign insurance forms. Edwards asserts that he "should not have been placed there to begin with."

Edwards mentions kidnapping and a breach of doctor-patient confidentiality.

III. DISCUSSION.

Any court of the United States may authorize the commencement of a suit, without payment of fees or security therefor, by a person who submits an affidavit demonstrating he or she is unable to pay such costs or give such security. 28 U.S.C. § 1915(a). Even if this court were to assume that Edwards cannot afford to prepay the costs of initiating this action, this court may deny leave to proceed without prepaying fees at the outset if it appears from the facts of the Complaint that the action is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). See also Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987).

To pursue a claim in federal court, a plaintiff needs to establish either federal question jurisdiction or diversity jurisdiction. See 28 U.S.C. § 1331; 28 U.S.C. § 1332(a)(1).

---

[1] "Kekela" appears to refer to the Kekela Crisis Intensive Psychiatric Treatment Unit, an adult psychiatric unit located at Queens.

Even reading the complaint very broadly because Edwards is pro se, the court does not discern a federal claim that would give this court federal question jurisdiction. The Complaint's reference to kidnapping appears to be an attempt to state a false imprisonment claim under state law. The Complaint also appears to assert a claim for breach of patient confidentiality based on "the oaths doctors have to take," not on federal law. It would help if Edwards identified what was told to his mother, who contacted his mother, and whether his mother is his legal guardian. At this point, the Complaint fails to assert any cognizable federal claim.

Nor does Edwards establish diversity of citizenship. He does not even allege that he himself has citizenship different from that of the State of Hawaii. The court dismisses Edwards's action for lack of jurisdiction, without making any finding as to the viability of any of Edwards's state law claims. The court merely dismisses this action because it fails to allege federal jurisdiction properly. If Edwards decides to refile his claims in state court, he should carefully examine whether it is appropriate to sue the State of Hawaii if he is complaining about actions by the police, who work for a City agency, or by a private hospital.

IV.  CONCLUSION.

Edwards is given leave to file an Amended Complaint no later than March 9, 2012. Any Amended Complaint must stand on

its own, without reference to the Complaint dismissed here, and must state a claim upon which relief can be granted.  An Amended Complaint must also allege sufficient facts to support that claim and "raise a right to relief above the speculative level."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  If Edwards files an Amended Complaint, he must file another application to proceed without prepaying fees or pay the applicable filing fee.  This action will automatically be dismissed if Edwards fails to timely (1) file an Amended Complaint and (2) submit a new application to proceed without prepaying fees or the appropriate filing fee.

        Concurrent with sending Edwards a copy of this order, the Clerk of Court is directed to send Edwards the court's form Application to Proceed Without Prepayment of Fees.

        IT IS SO ORDERED

        DATED:  Honolulu, Hawaii, February 13, 2012.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        United States District Judge

<u>Edwards v. State of Hawaii</u>, Civil No. 12-00075 SOM/KSC; ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISSING COMPLAINT WITH LEAVE TO AMEND